UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>0.094 ACRES OF LAND, more or less, situated in HIDALGO COUNTY, TEXAS; and EDIBERTO B. REYNA, et al.,<br><br>    Defendants. | § § § § § § § § § § § § § CIVIL ACTION NO.: 7:08-cv-00302 |

**ANSWER OF DEFENDANT PAMELA RIVAS**

Pursuant to Rules 71.1(e)(2) and 71.1(i)(1)(C), Defendant Pamela Rivas answers the Amended Complaint (Dkt. 21) in the above action as follows:

1.  Defendant is Pamela Rivas. Co-Defendants are Ediberto B. Reyna, Jr., Carla Sue Reyna, and Elda Belinda Reyna.

2.  Plaintiff United States identified specific land as the subject of this action in Dkt. 1, 1-1, 21, 21-1, and 21-2. Defendant Rivas is the owner in fee simple absolute of all of the tracks designated for taking in this action. Defendant Rivas owns the land pursuant to one or more deeds, as well as the use and enjoyment of the lands in peaceable and adverse possession as those terms are defined and for the statutory periods stated in Chapter 16, Texas Civil Practice & Remedies Code, Sections 16.021–16-037. Defendant Rivas claims an interest in all of this land. Defendant Rivas refutes the assertion by any other parties, including the parties to this litigation, that make any claim to ownership of the property.

3.  The interest that Defendant Rivas claims in all parts of the subject land is fee simple absolute, subject to all duly recorded and recognized easements pre-dating the condemnation action filed by the

Plaintiff on October 17, 2008.

**<u>Defendant Rivas asserts the following objections and defenses
to the taking of the subject land:</u>**

4.  Plaintiff's condemnation action should be dismissed as the Plaintiff cannot demonstrate that the property is necessary for the public use specified. Defendant Rivas contends that acquisition of the property without sufficient proof that the proposed project will proceed deprives the Plaintiff of authority to take the property under the statutes cited in the Amended Complaint.

5.  The public use cited for the project requires construction of a structure on the International Boundary and Water Commission flood plain that is prohibited because it deflects or obstructs the flow of the Rio Grande River in violation of Article IV (B)(1) of the United States – Mexico Border Treaty of 1970.

6.  Defendant Rivas requests that the Court fix the time, place, manner, and restrictions on Plaintiff's access to the condemned tracts, in order to minimize disruption to Defendant's use of her property.

7.  Defendant Rivas requests that the Court make other just and equitable orders concerning ad valorem taxes and assessments of the real estate being taken, including compliance with 42 U.S.C. § 4654, to the extent applicable which requires that the agency condemning provide for reimbursement and/or proration of the ad valorem taxes of the property taken.

8.  Defendant Rivas reserves her right to receive any additional interest on any final award of compensation as provided for in Title 40 U.S.C. § 3116.

9.  To the extent that the land taken by the Government is abandoned or the public purpose stated is not completed and to the extent that Defendant Rivas could have a right of first refusal in the abandoning of the property taken, Defendant Rivas requests the right to purchase and/or the right of

first refusal in regard to the land being taken.

10. Plaintiff has failed to provide just and adequate compensation for the acres of land that are being condemned, as well as the damage and diminution of value to the remainder parent tract owned by Defendant Rivas. In the event that this Court determines that the scope of Plaintiff's condemnation action is limited exclusively to the acreage being taken by Plaintiff in fee simple and easement, Defendant Rivas reserves the right to bring a claim for inverse condemnation if necessary in order to expand the scope of Plaintiff's action to include compensation for damage to the remainder of the parent tract(s) from which Plaintiff's taking will be severed.

11. Defendant Rivas requests a trial by jury pursuant to Fed. R. Civ. Proc. 71.1 (h)(1)(B) to determine the necessity of the taking for the public use specified, just compensation for the acres taken, and the damage to the remaining parent tract(s).

12. Defendant Rivas further reserves the right to file additional objections or defenses to the taking by the Plaintiff when Plaintiff files any amendments or if circumstances should change in any way.

## Cross Claims against Co-Defendants
## Ediberto B. Reyna, Jr., Carla Sue Reyna, and Elda Belinda Reyna

13. The Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a). Joinder of co-defendants is proper pursuant to Fed. R. Civ. Proc. 13 (g), 18, and 71.1 (h).

14. Defendant Rivas is the owner of the Tracts that are the subject of this action (Tracts RGV-MCS-1005 (also known as RGV-MCS-1005-1), 1005-2, 1005-E1, and 1005E-2). Defendant Rivas claims a superior title to any alleged title asserted by Co-Defendants Ediberto B. Reyna, Jr., Carla Sue Reyna, and Elda Belinda Reyna. Defendant Rivas owns the land pursuant to one or more deeds, as well as the use and enjoyment of the lands in peaceable and adverse possession as those terms are defined and for the statutory periods stated in Chapter 16, Texas Civil Practice & Remedies Code, Sections 16.021–16-

037.  To the extent that Co-Defendants Ediberto B. Reyna, Jr., Carla Sue Reyna, and Elda Belinda Reyna (and/or their predecessors in interest) had title to the land the subject of this action, they have ceded title and title is vested with Defendant Rivas.  *See* Chapter 16, Texas Civil Practice & Remedies Code, Sections 16.030.

15.     Defendant Rivas and her predecessors in interest have held the property in peaceable and adverse possession for a period exceeding 25 years.

16.     During this time Defendant Rivas and her predecessors in interest have fenced in and used and enjoyed the property.

17.     Defendant Rivas and her predecessor in interests' continued use and possession of this property is visible and sufficient to give notice of any adverse possession to Co-Defendants Ediberto B. Reyna, Jr., Carla Sue Reyna, and Elda Belinda Reyna.

18.     Co-Defendants were thus barred from receiving any compensation for Plaintiff's taking of the subject property.

19.     Defendant Rivas respectfully requests that this Court declare that she is the owner of the property which is the subject of this action and allow her to assert her objections and defenses to the taking of the subject land.  In the event the Court permits Plaintiff's taking of the subject property, Defendant Rivas requests that the Court order Plaintiff to compensate her as owner.

For any and all of these reasons, Defendant Rivas respectfully submits that this action should be dismissed for failure to state a claim and for lack of jurisdiction because Plaintiff failed to demonstrate the necessity for condemning the tracts herein referenced for the public purpose stated.  Furthermore, Defendant Rivas requests that the present action be dismissed or held in abeyance until sufficient proof is provided that the project will in fact proceed.

Defendant Rivas further requests that the Court render judgment against Co-Defendants Ediberto Reyna, Jr., Carla Sue Reyna, and Elda Belinda Reyna, recognize title to the subject property in Defendant Rivas's name pursuant to Tex. Civ. Prac. & Rem. Code § 16.030, dismiss this action, or, in the alternate, award any and all damages that result from Plaintiff's condemnation of the subject lands to Defendant Rivas.

Respectfully submitted,
TEXAS RIOGRANDE LEGAL AID, INC.

    /s/
Marinda van Dalen
Attorney-in-Charge for Defendant Rivas
TX Bar No.: 00789698
S.D. Bar No.:
Texas RioGrande Legal Aid, Inc.
531 E. Francis St.
Brownsville, TX 78520
Phone: (956) 982-5540
Fax: (956) 541-1410
Email: mvandalen@trla.org

Jerome Wesevich
Texas Bar No. 21193250
S.D. ID No. 17397
TEXAS RIOGRANDE LEGAL AID, INC.
1331 Texas Ave.
El Paso, Texas 79901
Telephone: 915-585-5120
Facsimile: 915-533-4108
Email: jwesevich@trla.org

## CERTIFICATE OF SERVICE

I hereby certify that a caused a true and correct copy of the foregoing response to be sent to Paxton E. Warner, counsel for Plaintiffs on June 6, 2013 via ECF notification and to Co-Defendants Ediberto Reyna, Jr., Carla Sue Reyna, and Elda Bertha Reyna, via certified mail return receipt requested to:

Ediberto B. Reyna, Jr. and Carla Sue Reyna
10016 Fieldcrest
Dallas, TX 75328

Elda Belinda Reyna Seale
5445 Caruth Haven Lane, #615
Dallas, TX 75225

                                                  /s/
                                      Marinda van Dalen