IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | § | CIVIL ACTION NO. 7-08-CV-196 |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | JUDGE: HON. ANDREW S. HANEN |
| | § | |
| 0.98 ACRES OF LAND, more or less, | § | |
| situated in HIDALGO COUNTY, STATE | § | |
| OF TEXAS; PAMELA RIVAS, et al., | § | |
| | § | **JURY TRIAL REQUESTED** |
| Defendants | § | |
| | § | |

### DEFENDANT PAMELA RIVAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant **PAMELA RIVAS** (hereinafter at times referred to as "Defendant") and files this her original answer under authority of Rule 71.1(e)(2) of the Federal Rules of Civil Procedure to the UNITED STATES OF AMERICA's Complaint in Condemnation and Declaration of Taking and in support thereof would respectfully show as follows:

### RESPONSES TO COMPLAINT IN CONDEMNATION (DOCUMENT 1)

1.   Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in section 1.

2.   Defendant admits the allegations in section 2, subject to their objections and defenses hereinafter.

3.   Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in section 3.

4.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in section 4.

5.     Upon information and belief, Defendant owns the full fee simple absolute estate in all of the land involved in this condemnation action, by a gift deed dated March 23, 2006 and recorded as instrument or document number 1594667 in the Official Records of Hidalgo County on March 24, 2006. Answering further, to the extent that the proposed condemnation has not provided a specific metes and bounds description of the property being claimed by Plaintiff, Defendant objects to same.

6.     To the extent that number six requires an answer, Defendant objects to the extent that said proposed condemnation does not justly compensate Defendant for all the land being effected by the taking.

7.     Defendant asserts that she is the absolute fee simple owner of all the land affected by this condemnation suit. To the extent that the Hidalgo County Tax Assessor Collector should be notified, then same can occur.

8.     To the extent an answer is required upon information and belief, Defendant claims a full fee simple absolute interest in the property taken and affected. Further, Defendant denies that there would be any other persons having an interest in the property or the interest to be taken. The full fee simple absolute interest claimed in the property is not only the .98 acres, which the government seeks to condemn but the entire parent tract noted on the schedule.

## RESPONSES TO THE DECLARATION OF TAKING (DOCUMENT 2)

1.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in section 1.

2.     Defendant admits the allegations in section 2, subject to their objections and defenses set out hereinafter.

3.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in section 3.

4.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in section 4.

5.     Upon information and belief, Defendant owns the full absolute fee simple estate in all of the land involved in this condemnation action, by a gift deed dated March 23, 2006 recorded as instrument or document number 1594667 in the Official Records of Hidalgo County, Texas filed for record on March 24, 2006. Answering further to the extent that the proposed condemnation has not

provided a specific metes and bounds description of the property being claimed by Plaintiff, Defendant objects to same.

6.      Defendant denies that the sum estimated is just compensation for the land being condemned.  Defendant asserts that the just compensation is much greater and that the Plaintiff has not taken into the account the entire effect on the parent tract from which the land of .98 acres being taken is in.  Pursuant to Rule 71.1(h)(1)(B), Federal Rules of Civil Procedure, Defendant requests and demands a trial by jury to establish the just and fair compensation for the land of .98 acres being taken and the entire parent tract being affected thereby and severed from the .98 acres.

7.      Upon information and belief, Defendant asserts that she is the absolute fee simple owner of all the land taken and affected by this condemnation suit.  To the extent that the Hidalgo County Tax Assessor Collector should be notified, then same can occur.

8.      Defendant denies that the Plaintiff United States has made best efforts to negotiate the purchase of the property interest sought prior to filing this condemnation action, including all of the remainder which is effected, both north and south of the proposed fence.

## DEFENDANT'S OBJECTIONS AND DEFENSES

Pursuant to Rules 71.1(e)(2) Defendant sets out all the following as objections and/or defenses to the complaint in condemnation and declaration for taking.  Defendant would show the following:

1.      Plaintiff has failed to negotiate in good faith and to make a good faith offer and tender into the Court.  Plaintiff has failed to clearly identify whether its offer takes into consideration or provides any damages separately to that portion of the property being kept by the Plaintiff, which is the remainder of the parent tract and the part severed from the .98 acres.

2.      That the Plaintiff has failed to provide just and adequate compensation for the land of .98 acres being taken and for the parent tract (the remaining property) from which the condemned land is being taken.

3.      Defendant objects to the extent that the specific land of approximately .98 acres that Plaintiff seeks to take has not been described by metes and bounds.  Without a metes and bounds description, Defendant does not know the actual taking being requested by the Plaintiff.

4.     That the Plaintiff has failed to adequately consult under the consultation clause of the note to Title 8 USCA, section 1103. Said negotiations should be a condition prior to entry onto the property after the taking has been completed.

5.     To that extent that parts of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, Title 42 USCA, sections 4601, et. seq. may apply that the Plaintiff be required to comply with those provisions before any possession or taking.

6.     That any order of possession be done in compliance with Title 40 USCA, section 3114.

7.     In the alternative, that the Court fix the time and the terms on which the Plaintiff may take possession of the .98 acres.

8.     Defendant reserves the rights to receive all written notices which may be required before she must move off the .98 acres, which are being sought and in connection with this ask for that to be part of the terms and conditions in any order of possession.

9.     In addition Defendant requests that the Court make other just and equitable orders concerning ad valorem taxes and assessments of the real estate being taken, including compliance with Title 42 USCA, section 4654, to the extent applicable which requires that the agency condemning provide for reimbursement and/or proration of the ad valorem taxes of the property taken.

10.    Defendant requests a trial by jury as noted hereinabove pursuant to Rule 71.1(h)(1)(B) of the Federal Rules of Civil Procedure to determine just compensation of the .98 acres taken and the remaining parent tract noted on the Plaintiff's schedules, which has been severed from the .98 acres.

11.    Upon information and belief, Defendant claims a full absolute fee simple interest in the property affected, both the .98 acres taken and the parent tract. Defendant denies that there would be any further persons having an interest in the property or the interest taken.

12.    Defendant has not been provided with documentation as to how the Plaintiff arrived at the value in the offer or deposit made. To the extent that this said offer does not take into consideration the entire parent tract, Defendant objects and requests that the Plaintiff be ordered to consider the entire parent tract and part severed and/or Defendant reserves the right to bring a claim for inverse condemnation if necessary relating to the entire parent tract, that is, the remaining property other than the .98 acres.

13.   Answering further, Defendant reserves all rights she has under Title 28 USCA, section 2412, the Equal Access to Justice Act to recover attorney's fees for the condemnation.  Also see USA vs. 329.73 acres of land, et. al., 704 F 2d 800(5th Cir.1983, en banc)

14.   Defendant also reserves her rights to receive additional interest on any final award of compensation as provided for in Title 40 USCA, section 3116.

15.   Defendant objects to the extent that the public purpose for which the interest in the property is being taken exceeds the statutory authorization in Title 8 USCA, section 1103(b) and note.  Upon information and belief that statute provides for reinforced fencing and also provides for the installation of additional physical barriers, roads, lighting, cameras, and sensors to gain operational control of the southwest border.  To the extent that said public purpose noted by Plaintiff exceeds or contradicts the statute and does not define related structures, Defendant objects.  Plaintiff has identified public purpose in Section 4 of the Complaint in Condemnation; and Schedule B attached to the Declaration of Taking and Notice.

16.   The amendments of Public Law 110-161, Div E, Title V, § 564, 121 Stat. 2090, (enacted December 26, 2007) require that the construction of fencing by situated "along the border". Defendant objects to the taking of her land since it is neither situated on or adjacent to the U.S. – Mexico border as defined by Article V of the Treaty of Guadalupe Hidalgo, and recognized by this Court in *Amaya v. Stanolind Oil & Gas,* 62 F. Supp. 181, 194 (S.D. Tex.1945) and the Supreme Court in *U.S. v. Louisiana,* 363 U.S. 1, 36, 48; 80 S. Ct. 961; 4 L.Ed. 2d 1025 (1960). Defendant asserts that Plaintiff does not have authority under the enabling statute to condemn Defendant's property because it is outside of the scope of the property authorized for condemnation by Congress.

17.   Public Law 110-161, Div E, Title V, § 564, 121 Stat. 2090, (enacted December 26, 2007), requires Plaintiff to "consult with the Secretary of the Interior, the Secretary of Agriculture, States, *local governments*, Indian tribes, and *property owners* in the United States to minimize the impact on the environment, culture, commerce, and quality of life for the communities and residents located near the sites at which such fencing is to be constructed."(*emphasis added*) Plaintiff has failed to conduct meaningful consultation with the Defendant and representatives of Defendant's community prior to filing this complaint in condemnation. Plaintiff's failure to conduct meaningful consultation deprives Plaintiff of any authority to engage in condemnation of Defendants' property at this time.

18.   To the extent that the condemnation at this time does not conform with the Uniform Appraisal Standards for Federal Land Acquisitions, Defendant objects.

19.     To the extent that the proposed condemnation has failed to comply with all the guidelines set out in the Department of Homeland Security's Brochure entitled Acquiring Real Property for Border Security Infrastructure in Support of the Secure Border Initiative, Defendant objects.

20.     To the extent that the land taken by the Government is abandoned or not completed and to the extent that the Defendant could have a right of first refusal in any abandoning of the property taken, Defendant requests the right to have a right to purchase or right of first refusal to the land being taken or by any subsequent statutes that may be enacted.

21.     To the extent that the Plaintiff may not have complied with all federal statutes before declaring a public purpose, Defendant objects.

22.     To the extent that the Plaintiff has arbitrarily and/or capriciously offered more compensation to others for similarly situated land, Defendant objects and requests just compensation.

23.     Defendant further reserves the right to file additional objections or defenses to the taking by the Plaintiff, United States of America if circumstances change, when a final survey of the property taken is provided to Defendant or any amendments are filed by the Plaintiff.

WHEREFORE, Defendant requests that:

1.      Judgment be rendered denying Plaintiff's right to condemn Defendant's above-referenced property of .98 acres.

2.      In the alternative, if the property of .98 acres is taken then this Honorable Court consider all the objections and defenses set out hereinabove, before granting possession.

3.      Defendant be allowed recovery of her expenses for attorney fees in defending against this condemnation action pursuant to the provisions therefore in the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(a)(1) if applicable and to the Equal Access to Justice Act, Title 28 USCA, section 2412.

4.      Defendant requests a trial by jury, pursuant to Rule 71.1(h) (1) (B) on the issue of just and adequate compensation, not only for the .98 acres but all the land affected by the severance.

5.      The Court grant Defendant such other and further relief as the Court deems proper.

Respectfully submitted,
**PAMELA RIVAS, Defendant**


By:         /s/ David C. Garza
           David C. Garza (attorney in charge)
           Texas State Bar No. 07731400
           Federal Admissions ID No. 3778
           GARZA & GARZA, LLP
           PO Box 2025
           680 East St. Charles, Ste. 300
           Brownsville, TX 78520
           Telephone:  (956) 541-4914
           Fax:  (956) 542-7403
           Email:  dgarza@garzaandgarza.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2008, I electronically filed the foregoing original answer by the Defendant with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record and that I emailed a copy to the following:

**Donald J. DeGabrielle, Jr.**
U. S. Attorney
515 Rusk Avenue, Suite 1102
Houston, Texas  77002
Tel.: 713-567-9000
Fax: 713-718-3300
Email: Donald.DeGabrielle@usdoj.gov

**Daniel D. Hu**
Assistant United States Attorney
919 Milam, Suite 1500
Houston, Texas  77208
Tel.: 713-567-9518
Fax: 713-718-3303
Email: Daniel.hu@usdoj.gov

_____/s/ David C. Garza_____
David C. Garza
