UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| 0.98 ACRES OF LAND, more or less, situated | § | CIVIL ACTION NO.: 7:08-cv-00196 |
| in HIDALGO COUNTY, TEXAS; | § | |
| and PAMELA RIVAS, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**AMENDED ANSWER OF DEFENDANT PAMELA RIVAS**

Pursuant to Rules 71.1(e)(2) and 71.1(i)(1)(C), Defendant Pamela Rivas answers the Amended Complaint (Dkt. 37) in the above action as follows:

1.  Defendant is Pamela Rivas.

2.  Plaintiff United States identified specific land as the subject of this action in Dkt. 1, 1-1, 2, 2-1, 37, 37-1, 39, and 39-1. Defendant Rivas is the owner in fee simple absolute of all of the tracks designated for taking in this action. Defendant Rivas owns the land pursuant to one or more deeds.

3.  The interest that Defendant claims in all parts of the subject land is fee simple absolute, subject to all duly recorded and recognized easements pre-dating the condemnation action filed by the Plaintiff on June 28, 2008.

**Defendant asserts the following objections and defenses to the taking of the subject land:**

4.  Plaintiff's condemnation action should be dismissed as the Plaintiff cannot demonstrate that the property is necessary for the public use specified. Defendant contends that acquisition of the property

without sufficient proof that the proposed project will proceed deprives the Plaintiff of authority to take the property under the statutes cited in the Amended Complaint.

5. The public use cited for the project requires construction of a structure on the International Boundary and Water Commission flood plain that is prohibited because it deflects or obstructs the flow of the Rio Grande River in violation of Article IV (B)(1) of the United States – Mexico Border Treaty of 1970.

6. Defendant requests that the Court fix the time, place, manner, and restrictions on Plaintiff's access to the condemned tracts, in order to minimize disruption to Defendant's use of her property.

7. Defendant requests that the Court make other just and equitable orders concerning ad valorem taxes and assessments of the real estate being taken, including compliance with 42 U.S.C. § 4654, to the extent applicable which requires that the agency condemning provide for reimbursement and/or proration of the ad valorem taxes of the property taken.

8. Defendant reserves their right to receive any additional interest on any final award of compensation as provided for in Title 40 U.S.C. § 3116.

9. To the extent that the land taken by the Government is abandoned or the public purpose stated is not completed and to the extent that the Defendant could have a right of first refusal in the abandoning of the property taken, Defendant requests the right to purchase and/or the right of first refusal in regard to the land being taken.

10. Plaintiff has failed to provide just and adequate compensation for the acres of land that are being condemned, as well as the damage and diminution of value to the remainder parent tract owned by Defendant. In the event that this Court determines that the scope of Plaintiff's condemnation action is limited exclusively to the acreage being taken by Plaintiff in fee simple and easement, Defendant reserves the right to bring a claim for inverse condemnation if necessary in order to expand the scope of

Plaintiff's action to include compensation for damage to the remainder of the parent tract(s) from which Plaintiff's taking will be severed.

11. Defendant requests a trial by jury pursuant to Fed. R. Civ. Proc. 71.1 (h)(1)(B) to determine the necessity of the taking for the public use specified, just compensation for the acres taken, and the damage to the remaining parent tract(s).

12. Defendant further reserves the right to file additional objections or defenses to the taking by the Plaintiff when Plaintiff files any amendments or if circumstances should change in any way.

For any and all of these reasons, Defendant Rivas respectfully submits that this action should be dismissed for failure to state a claim and for lack of jurisdiction because Plaintiff failed to demonstrate the necessity for condemning the tracts herein referenced for the public purpose stated. Furthermore, Defendant Rivas requests that the present action be dismissed or held in abeyance until sufficient proof is provided that the project will in fact proceed.

Defendant Rivas further requests that the Court dismiss this action, or, in the alternate, award any and all damages that result from Plaintiff's condemnation of the subject lands to Defendant Rivas.

       Respectfully submitted,
       TEXAS RIOGRANDE LEGAL AID, INC.

       _____/s/_____
       Marinda van Dalen
       Attorney-in-Charge for Defendant Rivas
       TX Bar No.: 00789698
       S.D. Bar No.:
       Texas RioGrande Legal Aid, Inc.
       531 E. Francis St.
       Brownsville, TX 78520
       Phone: (956) 982-5540
       Fax: (956) 541-1410
       Email: mvandalen@trla.org

Jerome Wesevich
Texas Bar No. 21193250
S.D. ID No. 17397
TEXAS RIOGRANDE LEGAL AID, INC.
1331 Texas Ave.
El Paso, Texas 79901
Telephone: 915-585-5120
Facsimile: 915-533-4108
Email: jwesevich@trla.org

**CERTIFICATE OF SERVICE**

I hereby certify that a caused a true and correct copy of the foregoing response to be sent to Daniel D. Hu, counsel for Plaintiff on June 6, 2013 via ECF notification.

       _____/s/_____
       Marinda van Dalen