UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 7:08-cv-302 |
| | § | |
| 0.094 ACRES OF LAND, | § | |
| MORE OR LESS and PAMELA RIVAS, | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendants.* | § | |

### DEFENDANT PAMELA RIVAS'S ANSWER TO AMENDED COMPLAINT

Pursuant to Rules 71.1(e)(2) and 71.1(i)(1)(C), Defendant Pamela Rivas ("Defendant"), hereby files her Answer to the United States of America's Amended Complaint in Condemnation, Declaration of Taking, and Notice of Condemnation. Dkt. Nos. 121, 122, 123.

### RESPONSES TO THE AMENDED COMPLAINT IN CONDEMNATION (DKT. 121)

1. Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 1.

2. Defendant admits the allegations in paragraph 2, subject to her objections and defenses stated below.

3. Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 3, which addresses Plaintiff's Schedules A and AA ("Authority for the Taking," Dkt. No. 121-1). In particular, Defendant does not have sufficient information regarding the authority for this taking since different sources of authority are cited in paragraph 3 and in Schedules A and AA.

4. Defendant does not have sufficient knowledge to form a belief as to the truth of the

allegations in paragraph 4, which addresses Plaintiff's Schedule B and BB ("Public Purpose," Dkt. No. 121-1).

5. Defendant asserts she owns a fee simple interest in the approximately 2.6433 acres of land affected by this condemnation. In response to paragraph 5, Defendant admits that the legal descriptions of this property in Schedules CC and CCC ("Legal Description," Dkt. No. 121-1) and the maps or plats of these 2.6433 acres of land in Schedules DD and DDD ("Map or Plat," Dkt. No. 121-1) appear to be more or less accurate.

6. In response to paragraph 6, which addresses Plaintiff's Schedules E, EE and EEE ("Estate Taken," Dkt. No. 121-1), Defendant again asserts that she owns a fee simple interest in the approximately 2.6433 acres of land affected by this condemnation suit. Defendant also admits that the legal descriptions in Schedules CC and CCC ("Legal Description," Dkt. No. 121-1) and the maps or plats in Schedules DD and DDD ("Map or Plat," Dkt. No. 121-1) appear to be more or less accurate.

7. Defendant denies that the sum estimated in paragraph 7, which addresses Plaintiff's Schedules F, FF, and FFF ("Estimate of Just Compensation," Dkt. No. 121-1), constitutes just compensation for the fee simple and easement takings. Plaintiff has failed to deposit an amount of money rationally estimated to constitute just compensation for the fee simple and easement takings of the land it seeks, in violation of Federal Rule of Civil Procedure 71.1(j)(1), 8 U.S.C. § 1103(b), 40 U.S.C. § 3114(a)(5), and the Due Process and Takings Clauses of the Fifth Amendment to the United States Constitution. The just compensation required under law is greater than Plaintiff alleges, and therefore Defendant requests, pursuant to Federal Rule of Civil Procedure 71.1(h)(1)(B), a trial by jury to determine just compensation and a bench trial to adjudicate any

damages that may result from the taking.

8.  In response to paragraph 8, which addresses Plaintiff's Schedule GGG ("Interested Parties," Dkt. No. 121-1), Defendant asserts that she owns a fee simple interest in the approximately 2.6433 acres of land affected by this condemnation suit.

9.  To the extent that paragraph 9 requires an answer, Defendant again asserts that she owns a fee simple interest in the 2.6433 acres of land affected by this condemnation suit.

**RESPONSES TO THE AMENDED DECLARATION OF TAKING (DKT. NO. 122)**

10. Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 1, which addresses Plaintiff's Schedules A and AA ("Authority for the Taking," Dkt. No. 122-1).

11. Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 2, which addresses Plaintiff's Schedules B and BB ("Public Purpose," Dkt. No. 122-1).

12. In response to paragraph 3, Defendant admits that the legal description of this property in Schedules CC and CCC ("Legal Description," Dkt. No. 122-1) appears to be more or less accurate.

13. In response to paragraph 4, Defendant admits that the map or plats of these approximately 2.6433 acres of land in Schedule DD and DDD ("Map or Plat," Dkt. No. 122-1) appear to be more or less accurate.

14. In response to paragraph 5, which addresses Plaintiff's Schedules E, EE, and EEE ("Estate Taken," Dkt. No. 122-1), Defendant incorporates her answer from paragraph 6, above.

15. In response to paragraph 6, which addresses Plaintiff's Schedules F, FF, and FFF

("Estimate of Just Compensation," Dkt. No. 122-1), Defendant incorporates hers answer from paragraph 7, above.

16. In response to paragraph 7, which addresses Plaintiff's Schedule GGG ("Interested Parties," Dkt. No. 122-1), Defendant incorporates her answer from paragraph 8, above.

## DEFENDANT'S OBJECTIONS AND DEFENSES

17. Pursuant to Rule 71.1(e)(2) of the Federal Rules of Civil Procedure, Defendant sets out the following objections and defenses to the Amended Complaint in Condemnation and Amended Declaration of Taking of a fee simple and easement taking on the approximately 2.6433 acres of land Plaintiff seeks. Defendants would show the following:

18. Plaintiff has exceeded its condemnation powers by seeking to construct "related structures" on the condemned property. The stated intent to construct "related structures" exceeds the grant of authority contained in 8 U.S.C. § 1103(b) and note, which provides for "reinforced fencing," "physical barriers, roads, lighting, cameras, and sensors," but not "related structures." To the extent that Plaintiff's stated public purpose fails to define "related structures," Defendants object. *See* Schedules B and BB, Dkt. No. 121-1.

19. Plaintiff has exceeded its condemnation powers by seeking to condemn property that is not "adjacent to or in the vicinity of an international land border." That stated intent to condemn Defendants' property exceeds the grant of authority contained in 8 U.S.C. § 1103(b)(1), which allows "[t]he Attorney General" to "contract for or buy any interest in land, including temporary use rights, adjacent to or in the vicinity of an international land border." As defined by Article V of the Treaty of Guadalupe Hidalgo, and recognized by this Court in *Amaya v. Stanolind Oil & Gas Co.*, 62 F.Supp.194 (S.D. Tex. 1945), and the Supreme Court in *U.S. v. States of La.,*

4

*Tex., Miss., Ala. and Fla.*, 363 U.S. 1, 36, 48 (1960), in Texas the international border between the United States and Mexico is not a "land border," but instead a water border, comprised of "a line commencing at the mouth of the Rio Grande, thence up the middle of that river to the southern boundary of New Mexico." *Amaya* at 194. *See* Schedule EEE, Dkt. No. 121-1.

20. Plaintiff has exceeded its condemnation powers by failing to engage in bona fide negotiations with Defendant. Specifically, Plaintiff initiated the instant proceeding against Defendant's property without either (i) inviting Defendants to fix a price for the interest Plaintiff seeks, or (ii) making best efforts to agree with Defendants on a reasonable price for that interest in line with rational and lawful standards for determining a reasonable price. Defendants object to the extent that this failure violates 8 U.S.C. § 1103(b)(2) and (3).

21. Plaintiff has exceeded its condemnation powers by failing to abide by the procedures set forth in 8 U.S.C. § 1103(b) and note. This provision requires Plaintiff to "consult with the Secretary of the Interior, the Secretary of Agriculture, States, local governments, Indian tribes, and *property owners* in the United States to minimize the impact on the environment, culture, commerce, and quality of life for the communities and residents located near the sites at which fencing is to be constructed" (emphasis added).

22. To the extent that Plaintiff has not complied with all federal statutes before declaring a public purpose, Defendant objects.

23. To the extent that Plaintiff has failed to conform the proposed condemnation to the Uniform Appraisal Standards for Federal Land Acquisitions, Defendant objects.

24. To the extent that Plaintiff has exercised its condemnation authority under 8 U.S.C. § 1103(b) and note in an arbitrary and capricious manner, in violation of the equal protection

guarantees of the Fifth Amendment to the United States Constitution, Defendant objects. On information and belief, Plaintiff has exercised its condemnation authority to take the property of small, vulnerable landowners, including Defendant, while leaving other landowners to the undisturbed possession of their estates.

25. To the extent that the property interests Plaintiff seeks to condemn may be subject to an exception set forth in the Secure Fence Act of 2006 if the topography of the relevant land has an elevation grade greater than ten percent, Defendant objects.

26. To the extent that the condemnation of the property may violate the Treaty to Resolve Pending Boundary Differences and Maintain the Rio Grande and Colorado River as the International Boundary, Nov. 23, 1970, 23 U.S.T. 390, T.I.A.S. No. 7313 (Rio Grande and Colorado River Treaty) and the Treaty of Feb. 3, 1944, 59 Stat. 1224 and exacerbate flooding on Defendant's property, Defendant objects.

27. Defendant reserves her right to receive all notices that may be required, at present or in the future, before Plaintiff, or its contractors or agents acting on its behalf, enter Defendant's land.

28. Defendant reserves the right to recover attorneys' fees for this action, as provided by the Equal Access to Justice Act, 28 U.S.C. § 2412. *See also U.S. v. 329.73 Acres of Land, et al.*, 704 F.2d 800 (5th Cir. 1983, en banc).

29. Defendant reserves the right to receive additional interest on any final award of compensation, as provided by 40 U.S.C. § 3116.

30. Defendant reserves further the right to file additional objections and defenses to Plaintiff's proposed taking if Plaintiff files any additional amendments or if circumstances

otherwise change.

## **RELIEF REQUESTED**

31. For the foregoing reasons, Defendant Pamela Rivas respectfully requests that the Court:

   a. Grant Defendant's request for a trial by jury under Rule 71.1(h)(1)(B) of the Federal Rules of Civil Procedure on the issue of just and adequate compensation;

   b. Allow Defendant to recover her reasonable and necessary attorneys' fees, under either the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(a)(1) or the Equal Access to Justice Act, 28 U.S.C. § 2412 or both, as applicable; and

   c. Grant Defendant any other relief the Court deems proper.

Respectfully submitted,

By: */s/ Efren C. Olivares*

Efrén C. Olivares
State Bar No. 24065844
SDTX Bar No. 1015826
efren@texascivilrightsproject.org
Attorney-in-Charge for Defendant Pamela Rivas

Karla M. Vargas
State Bar No. 24076748
SDTX Bar No. 3336176
kvargas@texascivilrightsproject.org
Attorney for Defendant Pamela Rivas

Ricardo A. Garza
State Bar No. 24109912
SDTX Bar No. 3336127
ricky@texascivilrightsproject.org
Attorney for Defendant Pamela Rivas

**TEXAS CIVIL RIGHTS PROJECT**
1017 W. Hackberry Ave.
Alamo, Texas 78516
Tel: (956) 787-8171
Fax: (956) 787-6348

Attorneys for Defendant Pamela Rivas

## CERTIFICATE OF SERVICE

I, Efrén C. Olivares, hereby certify that I electronically submitted a true and correct copy of the foregoing via the Court's ECF/CM system on the 2nd day of June 2020, which will serve a copy on all counsel of record.

*/s/ Efren C. Olivares*
Efren C. Olivares