Case 7:08-cv-00302   Document 144   Filed on 05/24/21 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
May 24, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § CIVIL ACTION NO. 7:08-cv-00302 | |
| 2.6433 ACRES OF LAND, more or less, in § | |
| HIDALGO COUNTY, TEXAS; and § | |
| PAMELA RIVAS, et al., § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

The Court now considers "Defendant Pamela Rivas's Brief on Just Compensation and Anticipated Evidence for Requested Jury Trial"[1] and the "United States' Brief on Just Compensation."[2]

The Court's February 8, 2021, amended scheduling order set progressive deadlines to resolve this case.[3] The Court ordered discovery to close on April 14, 2021.[4] The Court ordered the parties to notify the Court, by April 16th, whether each party consents to the Court deciding just compensation for the taking in this case on the papers or whether the party requests a jury trial.[5] The United States submitted a timely notice, but requested a bench trial.[6] There appear to be three interested party Defendants.[7] One of them disclaimed his interest and has been

---

[1] Dkt. No. 142.
[2] Dkt. No. 143.
[3] Dkt. No. 137.
[4] *Id.* at 2.
[5] *Id.*
[6] Dkt. No. 138.
[7] Dkt. No. 121-1 at 78.

dismissed.[8] One of them, the "TLF National Tax Lien Trust 2017-1" does not appear to have ever been served or appeared. The third Defendant, Pamela Rivas, timely filed her notice.[9] Therein, Defendant Rivas requests a jury trial.[10] The difference between the United States' and Defendant Rivas's notices filed on April 15th and 16th flagged for the Court that the parties disagreed as to how the evidence with respect to just compensation should be heard and determined.

The Court's next deadline was May 17, 2021, for parties to file their briefs for the Court and anticipated evidence of just compensation.[11] Both parties filed timely briefs.[12] Defendant Rivas's brief specifically requests a jury trial.[13] The United States' brief is silent on the issue of whether it seeks a jury trial.[14] The Court must therefore "determine whether the evidence is sufficient to order a jury trial if one is requested."[15]

Under Federal Rule of Civil Procedure 71.1(h)(1)(B), "the court tries all issues, including compensation, except when compensation must be determined . . . by a jury when a party demands one within the time to answer or within any additional time the court sets, unless the court appoints a commission." From the time of Defendant's original answer in 2008, she has demanded a jury.[16] However, no party has a right to a jury trial.[17] Nevertheless, referral of an eminent domain case to a commission is the exception; jury trial is the rule.[18] "[I]f an owner's evidence is sufficient to survive the preliminary judicial screening, it then falls to the trier of fact

---

[8] Dkt. Nos. 26, 81.
[9] Dkt. No. 139.
[10] *Id.* at 1.
[11] Dkt. No. 137 at 2–3.
[12] Dkt. Nos. 142–143.
[13] Dkt. No. 142 at 13, ¶ 32.
[14] Dkt. No. 143 at 23.
[15] Dkt. No. 137 at 3.
[16] Dkt. No. 47 at 3, ¶ 6.
[17] *Ga. Power Co. v. 138.30 Acres of Land*, 596 F.2d 644, 647 (5th Cir. 1979), *aff'd sub nom. Ga. Power Co. v. Sanders*, 617 F.2d 1112, 1113 (5th Cir. 1980) (en banc).
[18] *United States v. Leavell & Ponder, Inc.*, 286 F.2d 398, 408 (5th Cir. 1961) (citing *United States v. Buhler*, 254 F.2d 876, 879 (5th Cir. 1958) & *United States v. Theimer*, 199 F.2d 501 (10th Cir. 1952)).

to decide upon all the evidence and under proper instructions" what the highest and best use of the property is and therefore what value it holds and what would be just compensation for its taking.[19]

In light of the presumption for jury trial, a prior judge's determination that a jury trial is appropriate in this case,[20] Defendant Rivas's timely demand for a jury trial,[21] and the titanic 3,473 pages of combined briefing and exhibits between the United States' and Defendant Rivas's briefs,[22] the Court **GRANTS** Defendant's request for a jury trial.[23] Having conducted its preliminary screening function,[24] the Court holds that Defendant's certified appraiser's appraisals, conducted consistently with widely accepted standards for professional appraisal practice,[25] challenge the United States' appraisals[26] and thereby create an issue for the jury as the trier of fact.[27]

The Court notes that just compensation as to Tract RGV-MCS-1108-3 is unresolved.[28] However, the United States lists Defendant "TLF National Tax Lien Trust 2017-1" as an interested party Defendant as to that tract.[29] As the Court noted, it does not appear from the Court's docket that the interested party has ever been served or appeared. Accordingly, the Court

---

[19] *United States v. 320.0 Acres of Land, more or less in Monroe Cnty.*, 605 F.2d 762, 820 (5th Cir. 1979).
[20] Dkt. No. 59.
[21] Dkt. Nos. 47, 27–29, 31, 82–84.
[22] Dkt. Nos. 142–143.
[23] Dkt. No. 142 at 13, ¶ 32.
[24] *Cf. 320.0 Acres of Land*, 605 F.2d at 819 n.130.
[25] *Compare* Dkt. No. 142 at 4–5, ¶¶ 8–9 (representing that the expert appraiser prepared his appraisals under the Uniform Standards of Professional Appraisal Practice), *with United States v. 5.65 Acres of Land in Starr Cnty.*, No. 7:08-cv-202, 2020 WL 5105206, at *9–10 (S.D. Tex. Aug. 31, 2020) (Alvarez, J.) (denying a motion to exclude a landowner's expert from jury trial because the appraisals satisfied reliability standards and holding that a jury should decide between conflicting expert opinions).
[26] *See* Dkt. No. 143 at 3, ¶ 1 (summarizing the United States' appraisal evidence).
[27] The Court does not hold that any portion of any party's evidence is necessarily admissible and this opinion does not prejudice a motion to exclude evidence. Rather, the Court holds that a jury should hear the conflicting evidence and determine just compensation presuming that the evidence discussed in the parties' respective briefs is admissible. The Court may revisit this opinion if evidence is found inadmissible or unreliable. *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 337 (5th Cir. 2017) (holding that a district court has discretion to reconsider interlocutory orders).
[28] Dkt. No. 143 at 3.
[29] Dkt. No. 121-1 at 78.

**ORDERS** the United States to file a status brief no later than **June 2, 2021** regarding the United States' proposed disposition of TLF National Tax Lien Trust 2017-1's interest in Tract RGV-MCS-1108-3 and explaining why that party has not been served.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 24th day of May 2021.

                                                  Micaela Alvarez
                                           United States District Judge