IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
|     *Plaintiff,* § | |
| § | |
| v. § | CASE NO. 7:08-CV-302 |
| § | (Consolidated) |
| 0.094 ACRES OF LAND, MORE OR LESS, § | |
| SITUATED IN HIDALGO COUNTY, TEXAS: § | |
| AND EDIBERTO B. REYNA, JR., ET AL. § | |
|     *Defendant.* § | |

**STIPULATION FOR REVESTMENT AND
MOTION FOR ENTRY OF FINAL JUDGMENT**

    Plaintiff United States of America and Defendant Pamela Rivas do hereby stipulate to the revestment of interests taken in nine tracts—to wit: Tracts RGV-MCS-1004, RGV-MCS-1004E-1, RGV-MCS-1004E-2, RGV-MCS-1004E-3, RGV-MCS-1005-2, RGV-MCS-1107, RGV-MCS-1108, RGV-MCS-1108-2, and RGV-MCS-1108-3—as described in the Amendment to Declaration of Taking (Dkt. 122), and more specifically described in Schedules "CC", "CCC", "DD", "DDD", "E", "EE", and "EEE" of said Amendment to Declaration of Taking.[1]

    The parties further stipulate and agree as follows:

**A.    Background**

    1.    On June 28, 2008, Plaintiff United States of America ("United States") filed a Declaration of Taking and Complaint in Condemnation in Civil No. 7:08-cv-196 to acquire Tracts RGV-MCS-1004 (fee), 1004E-1 (perpetual easement), 1004E-2 (temporary easement)[2], and

---

[1]    Dkt. 122 (Civil No. 7:08-cv-302).
[2]    Tract RGV-MCS-1004E-2, a temporary access easement, began on January 20, 2009 and expired 24 months later on January 20, 2011. Dkt. 22 (Civil No. 7:08-cv-196); Dkt. 122-1 (Civil No. 7:08-cv-302).

1004E-3 (temporary easement)[3] from Defendant Pamela Rivas (hereinafter, "**2008 Takings**").[4] On July 1, 2008, the United States deposited its estimated just compensation for the 2008 Takings.[5] Pursuant to 40 U.S.C. § 3114(b)(1), upon deposit of the estimated just compensation, title to the 2008 Takings vested in the United States by operation of law on July 1, 2008. On January 20, 2009, the Court granted the United States possession of the 2008 Takings.[6]

2. On October 17, 2008, the United States filed a Declaration of Taking and Complaint in Condemnation in Civil No. 7:08-cv-302 to acquire Tracts RGV-MCS-1005 f/k/a RGV-MCS-1005-1 (fee), 1005-2 (fee)[7], 1005E-1 (perpetual easement), and 1005E-2 (temporary easement) from Ediberto and Elda Reyna (hereinafter, "Reyna Tracts").[8] On November 4, 2008, the United States deposited its estimated just compensation for the Reyna Tracts.[9] Pursuant to 40 U.S.C. § 3114(b)(1), upon deposit of the estimated just compensation, title to the Reyna Tracts vested in the United States by operation of law on November 4, 2008.

3. On November 2, 2016, an agreed final judgment was reached for the Reyna Tracts, effectively dismissing the Reynas' claims from the suit.[10]

---

[3] Tract RGV-MCS-1004E-3, a temporary access easement, began on January 20, 2009 and expired 24 months later on January 20, 2011. Dkt. 22 (Civil No. 7:08-cv-196); Dkt. 122-1 (Civil No. 7:08-cv-302).
[4] Dkt. 1 & Dkt. 2-1 at 6–10 (Civil No. 7:08-cv-196). Note: the United States later clarified it did not acquire Tract RGV-MCS-1004E-4; thus, it is not included in this list. Dkt. 115 (Civil No. 7:08-cv-302). On March 8, 2013, the United States filed an Amendment to Declaration of Taking in Civil No. 7:08-cv-196. Dkt. 122 at 2 (Civil No. 7:08-cv-302); Dkt. 39 (Civil No. 7:08-cv-196).
[5] Dkt. 4 (Civil No. 7:08-cv-196).
[6] Dkt. 22 (Civil No. 7:08-cv-196).
[7] The parties agree that Tract RGV-MCS-1005-2 is one of the unresolved tracts owned by Defendant, not the Reynas.
[8] Dkt. 1 & Dkt. 2-1 at 6–9 (Civil No. 7:08-cv-302). On March 18, 2013, the United States filed an Amendment to Declaration of Taking in Civil No. 7:08-cv-302. Dkt. 122 at 2 (Civil No. 7:08-cv-302); Dkt. 22 (Civil No. 7:08-cv-302).
[9] Dkt. 4 (Civil No. 7:08-cv-302).
[10] Dkt. 99 (Civil No. 7:08-cv-302).

4. On August 15, 2013, Civil No. 7:08-cv-196 was consolidated into Civil No. 7:08-cv-302.[11] Because Defendant has an ownership interest in Tract RGV-MCS-1005-2 from Civil No. 7:08-cv-302, that tract is included within the **2008 Takings** for purposes of this stipulation.

5. On May 13, 2020, the United States filed an Amended Complaint in Condemnation and Amendment to Declaration of Taking to clarify the legal descriptions and surveys for the 2008 Takings and acquire additional land from Defendant—to wit: Tracts RGV-MCS-1107 (fee), 1108 (fee), 1108-2 (fee), and 1108-3 (fee) (hereinafter, "**2020 Takings**").[12] On May 15, 2020, the United States deposited its estimated just compensation for the 2020 Takings.[13] Pursuant to 40 U.S.C. § 3114(b)(1), upon deposit of the estimated just compensation, title to the 2020 Takings vested in the United States by operation of law on May 15, 2020. The United States does not have possession of the 2020 Takings; no possession order has ever been issued.

6. The table below summarizes the interests and acreage acquired, the deeds establishing Defendant's ownership, and dates of taking for the tracts. The Parties agree that Defendant is the sole owner of the interests acquired in the 2008 Takings and 2020 Takings.[14]

| Tract | Acreage | Interest Acquired | Date of Taking | Defendant's Property | Ownership Document |
|---|---|---|---|---|---|
| **2008 Takings** | | | | | |
| MCS-1004 | 0.3816 ac | Fee | 7/1/2008 | Blk 101 (2.48 ac) | Doc. 2006-1594667 |
| MCS-1004E-1 | 0.3958 ac | Perp. road easement | 7/1/2008 | Blk 101 (2.48 ac) | Doc. 2006-1594667 |
| MCS-1004E-2 | 0.1135 ac | Temp. road easement | 7/1/2008 | Blk 101 (2.48 ac) | Doc. 2006-1594667 |
| MCS-1004E-3 | 0.0844 ac | Temp. road easement | 7/1/2008 | Blk 101 (2.48 ac) | Doc. 2006-1594667 |
| MCS-1005-2 | 0.004 ac | Fee | 11/4/2008 | Blk 101 (2.48 ac) | Doc. 2006-1594667 |
| **2020 Takings** | | | | | |
| MCS-1107 | 0.533 ac | Fee | 5/15/2020 | Tr. 341 (4.84 ac) | Cause No. P30, 962 |
| MCS-1108 | 0.285 ac | Fee | 5/15/2020 | Blk 101 (2.48 ac) | Doc. 2006-1594667 |
| MCS-1108-2 | 0.727 ac | Fee | 5/15/2020 | Tr. 342 (11.47 ac) | Doc. 2006-1594667 |
| MCS-1108-3 | 0.119 ac | Fee | 5/15/2020 | Blk 101 (2.48 ac) | Doc. 2006-1594667 |

---

[11] Dkt. 35 (Civil No. 7:08-cv-302). All subsequent filings refer to Consolidated Civil No. 7:08-cv-302, unless otherwise specified.
[12] Dkt. 121 & Dkt. 122 at 3; Dkt. 122-1 at 39–66.
[13] Dkt. 124.
[14] Dkt. 122-1 at 8, 13, 20, 27, 34, 39, 46, 53, 60.

B.     **Stipulation of Revestment**

7.     Pursuant to 40 U.S.C. § 3117, the United States may agree or stipulate to the revestment of condemned property to resolve condemnation cases.

8.     The United States and Defendant jointly stipulate and agree that all right, title, and interests acquired by the United States associated with or appurtenant to the 2008 Takings and 2020 Takings hereby are REVESTED back to Defendant with all title and rights as existed immediately before the filing of the Declarations of Taking, or amendments thereto, and title vesting in the United States.

9.     Defendant hereby agrees to accept such REVESTMENT of the 2008 Takings and 2020 Takings.

10.    The legal descriptions and surveys of the 2008 Takings and 2020 Takings that are being REVESTED to Defendant are found in Schedule "CC", "CCC", "DD", and "DDD" of the Amendment to Declaration of Taking,[15] and are attached hereto as Exhibit 1 and 2.

C.     **Stipulation Regarding Just Compensation and Motion for Final Judgment**

11.    The Parties further make a stipulation as to the just compensation owed for the time that the United States held title (and possession in some cases) as to the 2008 Takings and 2020 Takings, and move for final judgment and termination of this case as follows:

   A.    The United States and Defendant confirm and agree that the full and just compensation payable by the United States for the time that United States held title (and possession, in some cases) as to the 2008 Takings and 2020 Takings is the sum of three thousand six hundred and 00/100 dollars ($3,600.00). This sum is all-inclusive and in full satisfaction of any claims of whatsoever nature by Defendant against the United States for the institution and prosecution of the above-captioned actions. Defendant further agrees to waive any and all claims for additional compensation of any nature against the United States arising from the United States' acquisition of the 2008 Takings and 2020 Takings.

   B.    The Parties now respectfully request that judgment be entered against the United States in the amount of three thousand six hundred and 00/100 dollars ($3,600.00)

---

15    Dkt. 122-1 at 7–66.

for the time that United States held title (and possession, in some cases) as to the 2008 Takings and 2020 Takings, along with any accrued interest.

C. Upon the Court's Order entering judgment in accordance with the instant stipulation of just compensation, the Parties seek immediate distribution of the total sum[16] on deposit as follows:

- The sum of $3,600.00, along with any accrued interest earned thereon while on deposit, payable to the order of Pamela Rivas.

- The remaining sum of $23,350.00, with accrued interest, payable to the order of "F&A Officer, USAED, Fort Worth," with the check referencing "Tract Nos. RGV-MCS-1004, 1004E-1, 1004E-2, 1004E-3, 1005-2, 1107, 1108, 1108-2, and 1108-3."

D. Defendant warrants that (a) she was the owner of the interests in the property taken in this proceeding on the respective dates of taking, (b) she has the exclusive right to the compensation set forth herein, excepting the interests of parties having liens, encumbrances of record, and unpaid taxes and assessments, if any, and (c) no other party is entitled to the same or any part thereof by reason of any unrecorded agreement.

E. In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interests in the properties taken in this proceeding, Defendant shall refund into the Registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon at an annual rate provided in 40 U.S.C. § 3116 from the date of receipt of the respective deposit by Defendant, to the date of repayment into the Registry of the Court.

F. The Parties shall be responsible for their own legal fees, costs, and expenses, including attorneys' fees, consultants' fees, and any other expenses or costs.

G. The Parties shall take no appeal from any rulings or judgment made by the Court in this action, and the parties' consent to the entry of all motions, orders, and judgments necessary to effectuate this stipulation.

H. This joint stipulation and motion is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendant.

I. The Parties request that the Court enter an Order of Final Judgment reflecting this Stipulation, and closing this case.

---

[16] At this time, $26,950.00, plus accrued interest, is on deposit in the Court's Registry in this consolidated action, based upon the following: $5,500.00 was deposited on July 1, 2008 (Dkt. 4, Civil No. 7:08-cv-196), $800.00 was deposited on September 29, 2008 (Dkt. 16, Civil No. 7:08-cv-196), $5,750.00 was deposited on November 4, 2008 (Dkt. 4, Civil No. 7:08-cv-302), $400.00 was deposited on November 21, 2008 (Dkt. 7, Civil No. 7:08-cv-302), $20,650.00 was deposited on May 15, 2020 (Dkt. 124, Civil No. 7:08-cv-302), and $6,150.00, with accrued interest, was ordered disbursed on June 24, 2010 (Dkt. 15, Civil No. 7:08-cv-302).

Respectfully submitted,

| FOR DEFENDANT | FOR PLAINTIFF |
|---|---|
| **Texas Civil Rights Project**<br>1017 W. Hackberry Ave.<br>Alamo, Texas 78516<br>Tel: (956) 787-8171<br>Fax: (956) 787-6348 | **JENNIFER B. LOWERY**<br>Acting United States Attorney<br>Southern District of Texas |

By: ALEXANDER DERGARABEDIAN
*Digitally signed by ALEXANDER DERGARABEDIAN Date: 2021.09.15 16:13:41 -05'00'*

*/s/ Karla M. Vargas (with permission)*

Karla M. Vargas
State Bar No. 24076748
SDTX Bar No. 3336176
Tel: (956) 787-8171 ext. 128

Alexander N. DerGarabedian
Assistant United States Attorney
Southern District of Texas No. 3381593
New York Bar No. 5103577
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-9380
Facsimile: (956) 618-8016
E-mail:
*Lead Attorney for Plaintiff*

*Attorney-in-Charge for Defendant Pamela Rivas*

Ricardo A. Garza
State Bar No. 24109912
SDTX Bar No. 3336127
Tel: (956) 787-8171 ext. 122

By:

Christopher D. Pineda
Assistant United States Attorney
S.D. Tex. No. 1055715
Texas Bar No. 24070420
600 E. Harrison, Suite 201
Brownsville, Texas 78520
(956) 548-2554/Fax: (956) 548-2775
Email:

Laura Peña
State Bar No. 24085758
SDTX Bar No. 3326963
Tel: (956) 787-8171 ext. 147

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was sent to all counsel of record via the court enabled electronic filing system on September 15, 2021.

CHRISTOPHER PINEDA
*Digitally signed by CHRISTOPHER PINEDA Date: 2021.09.15 18:17:48 -05'00'*

Christopher D. Pineda
Assistant United States Attorney